ELSIE WHITE, PLAINTIFF-RESPONDENT, v. STEWART WHITE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 7, 1955—Decided February 16, 1955.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Bertram Polow* argued the cause for defendant-appellant (*Mr. Edward F. Broderick,* attorney).

No appearance for plaintiff-respondent.

The opinion of the court was delivered by

CLAPP, S. J. A. D. Appeal is taken from an order of the Hudson County Juvenile and Domestic Relations Court, made June 24, 1954, directing a husband to continue to pay to his wife $30 a week for her support. The order is based upon a finding that there had been no change in circumstances since an alleged order of March 11, 1954, directing him to make the weekly payments stated. *Lasasso v. Lasasso,* 1 *N. J.* 324, 328 (1949); *R. R.* 6:3–10.

However, the trial judge failed to file a statement of reasons as required by *R. R.* 6:3–11(*b*), and we have nothing before us to show the grounds of his decision, other than this statement made at the hearing of June 24:

"The Judge explained that the circumstances did not change in this case because the husband offered her a home back in March and he is just offering her the same home now."

The husband subsequent to March seems to have made an attempt at reconciliation, offering to have his wife live with him at a certain house; but it appears not to have been "the same home" that he offered her "back in March." He was building that house in March, and according to the statement of his attorney below, it apparently was not "ready" until June.

The circumstances here are such that we conclude the case will have to be remanded for a further hearing. For one thing, such a hearing should deal with the sincerity and sufficiency of this attempt on the husband's part at reconciliation, and the court may have to determine whether or not there is any legal justification for her to reject his offer.

Furthermore, if the court finds the husband is chargeable for desertion, it will then have to deal with the amount to be paid by him to his wife for support. There may be a change in circumstances in this connection too. Here again, the failure of the trial judge to furnish us with a statement of his reasons leaves us at a loss as to whether or not he believed the testimony presented. It may be that on March 11,

1954 the husband was earning $120 a week and the wife nothing; whereas, on June 24, 1954 it appears that the wife was earning $50 a week and the husband $75 a week. If these figures are true, then the order requiring him to pay her $30 a week left him on June 24 with $45 a week and gave her $80 a week—an inequitable result.

Reversed, and remanded.